# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2014

Lyle W. Cayce
Clerk

No. 14-50074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ENRIQUE SAMANIEGO-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1777-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roberto Enrique Samaniego-Rodriguez (Samaniego) appeals the 42-month concurrent sentences imposed on his guilty plea convictions for importing cocaine, *see* 21 U.S.C. §§ 952, 960, and for possessing with intent to distribute cocaine, *see* 21 U.S.C. § 846. The convictions resulted from his having 520 grams of cocaine hidden on his person when he applied to enter the United States. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50074

Samaniego contends that the presumption of reasonableness for his within-guidelines sentences should not apply because U.S.S.G. § 2D1.1, the drug sentencing Guideline, lacks an empirical basis. He concedes that his challenge is foreclosed, but he raises it for the purpose of preserving the issue for future review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Although he does not claim that there was procedural error in the calculation of his sentences, Samaniego argues that they are substantively unreasonable. He argues that his sentences would not be greater than necessary to meet the sentencing goals of 28 U.S.C. § 3553(a) if the district court had varied as he requested. He contends that his personal history and characteristics made a variance appropriate. Additionally, he points out that he had no criminal history, and he contends that he is a family man with a history of consistent employment and efforts to better his education. As Samaniego sees it, his offenses should be viewed as anomalous. Samaniego contends that he is not likely to offend again. He maintains that a variance is warranted also because aliens are treated more harshly in prison.

In reviewing for substantive reasonableness, we "merely ask[ ] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007); *see also Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). The district court explained its reasons for the sentences it chose, and those reasons comport with the sentencing considerations established by Congress. *See* § 3553(a). The district court emphasized its belief that Samaniego was a recidivist, thus implicitly considering the recidivism factor and the need to protect the public from further offenses by him. Additionally, the court specifically stated that it considered all of Samaniego's arguments and that its sentences met all statutory requirements. Moreover, because each sentence is

No. 14-50074

within a properly calculated guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita*, 551 U.S. at 347. Samaniego offers insufficient bases for forgoing application of that presumption and supplanting the sentences selected by the district court. *See Gall*, 552 U.S. at 51.

AFFIRMED.